## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | **8:07CV218** |
| **$100,000.00 IN UNITED STATES** | ) | |
| **CURRENCY,** | ) | **MEMORANDUM AND** |
| | ) | **ORDER** |
| **Defendant,** | ) | |
| | ) | |
| **RAAD JARBO,** | ) | |
| | ) | |
| **Claimant.** | ) | |

This matter is before the magistrate judge by consent of the parties on the plaintiff's Motion (Doc. 40) pursuant to Fed. R. Civ. P. 37(b) to strike the claim (Doc. 20) and the answer (Doc. 7) filed by the Claimant, Raad Jarbo, and to enter default judgment in favor of the plaintiff. The court has considered the Claimant's response (Doc. 43) and, for the reasons discussed below, finds that the motion should be granted and that default judgment should be entered in favor of the plaintiff.

### BACKGROUND

The Verified Complaint for Forfeiture (Doc. 1) alleges that the defendant currency was seized on January 8, 2007 in Omaha, Nebraska during a traffic stop conducted by deputies of the Douglas County Sheriff's Department. A records check showed that the driver, Amir Denkha, and the passenger, Antar Yousif, had previously been involved in narcotics activity. The deputy returned Denkha's documents and issued a written warning. Denkha then gave the deputy verbal permission to search the vehicle. The deputy deployed his narcotics detection canine, "Argay." The dog indicated to a drug odor on the trunk of the vehicle.

The vehicle was searched after the dog alerted.  The officers found five banded bundles of $100 bills hidden beneath the tissues in a Kleenex box on the back seat.  An unopened box of Kleenex was found in the trunk of the vehicle; however, the box was too heavy to only contain Kleenex.  It appeared that this box had been previously opened and then resealed.  The deputy opened the side of the box and found additional currency inside.

Denkha, Yousif, and the vehicle were taken to the Douglas County Sheriff's Office.  Both men denied any knowledge of the money concealed inside the Kleenex boxes and signed disclaimers of the currency.

A currency sniff was conducted in a locker room at the sheriff's office.  The dog, Argay, indicated on the locker where the suspect currency was held.

Plaintiff filed this action on June 6, 2007, alleging that the defendant currency was used or was intended to be used to commit or facilitate the commission of violations of 21 U.S.C. §§ 841 & 844; therefore, the currency is subject to forfeiture to the United States pursuant to 21 § U.S.C. § 881(a)(6).

The Claimant, Raad Jarbo, resides in Michigan.  He filed an Answer (Doc. 7) and a Claim (Doc. 20) stating that he is entitled to the return of the $100,000 in seized currency because the funds are lawful proceeds he received as a result of the sale of a business.

The matter was progressed on the civil docket, and counsel for the United States attempted to schedule the Claimant's deposition.  The deposition was rescheduled at least four times between February and August 2008, and was ultimately set to be taken August 20, 2008 at the U.S. Attorney's Office in Omaha, Nebraska.  (Doc. 35).  On August 5, 2008 (the day after the deposition notice was filed and served), Claimant filed a motion to be deposed telephonically on the ground that he suffered from some undisclosed medical condition "that makes travel difficult."  The motion was denied, and Claimant was ordered to appear personally to be deposed in this matter.

Claimant failed to appear for his deposition on August 20, 2008.  (Doc. 42 -2).

## LEGAL ANALYSIS

The Supreme Court has observed that if a claimant's "unwillingness to appear in person results in non-compliance with a legitimate order of the court respecting pleading, discovery, the presentation of evidence, or other matters, he will be exposed to the same sanctions as any other uncooperative party," including the imposition of sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.  *Degan v. United States*, 517 U.S. 820, 827 (1996).  Plaintiff seeks relief under Rule 37 due to the Claimant's failure to obey the court's August 8, 2008 order requiring him to appear in person in Omaha for deposition.

Specifically, Rule 37 provides that if a party "fails to obey an order to provide or permit discovery," the court may strike a pleading in whole or in part, and may render a default judgment against the disobedient party.  Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi).  Courts have long held that *in rem* claimants are parties to the action.  *United States v. Proceeds of Drug Trafficking Transferred to Certain Foreign Bank Accounts*, 252 F.R.D. 60, 63 (D.D.C. 2008); *United States v. U.S. Currency in Amount of Six Hundred Thousand Three Hundred and Forty One Dollars and No Cents*, 240 F.R.D. 59, 63 (E.D.N.Y. 2007).

The record reflects five fruitless attempts to depose the Claimant.  In response to the pending motion, the Claimant states that he "suffers from a medical condition that makes travel difficult, and was unable to travel on the date of the previously scheduled deposition, August 20, 2008." (Doc. 43 at ¶ 4). In support of this assertion, the claimant has provided an unauthenticated document, dated August 20, 2008 and printed on the letterhead of Raad Toma, M.D.  The document states that Jarbo came to Dr. Toma's office on August 20, 2008 complaining of dizziness, nausea and vomiting; he had middle ear infection and was advised to take an antibiotic and to cancel his flight.  There is no evidence of record that the Claimant suffered from any medical problem on August 5, 2008, when he filed his motion to be deposed by telephone.

The defendant currency was seized in this district. The Claimant filed an answer and a claim, subjecting himself to the jurisdiction of this court. Claimant's deposition was rescheduled four times due to his "scheduling conflicts." He then failed to appear pursuant to the fifth notice after being ordered to do so. The court is not persuaded that the Claimant suffers from any medical condition that would prevent him from appearing in Omaha, Nebraska to be deposed in conjunction with his claim to the defendant $100,000. The Claimant's voluntary absence should entitle him to no advantage in this litigation. *See Degan v. United States*, 517 U.S. at 827.

## ORDER

**IT IS ORDERED** that plaintiff's Motion to Strike (Doc. 40) is granted, as follows:

1.   The Claim (Doc. 20) and Answer (Doc. 7) filed by Claimant, Raad Jarbo, are hereby stricken pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii), and the Claimant is held in default.

2.   A default judgment will be entered against the Claimant and in favor of the United States pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi).

**DATED November 24, 2008.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**